UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STEPHEN P. MITCHELL,

       Plaintiff,
vs.

SUNTRUST BANKS, INC.,

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, STEPHEN P. MITCHELL, by and through undersigned counsel, and brings this action against the Defendant, SUNTRUST BANKS, INC., and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. Plaintiff alleges that Defendant has unlawfully called his cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FCCPA and the TCPA.

3. The FCCPA prevents debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

4. The TCPA prohibits any person "to make any call (other than for emergency

*FD-2514*

purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

5.      This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

6.      Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

8.      Defendant, SunTrust Banks, Inc. is a Georgia corporation with a principal business address of 303 Peachtree Street N.E., Atlanta, Georgia, 30308.

9.      SunTrust Mortgage, Inc. is a business entity that regularly conducts business throughout most States and Counties of the United States—including the State of Florida.

10.     SunTrust Mortgage, Inc. engages in the business of mortgage lending throughout Florida.

11.     SunTrust Mortgage, Inc. is a Virginia corporation with a principal business address of 901 Semmes Avenue, Richmond, Virginia 23224.

12. SunTrust Mortgage, Inc., is a wholly owned subsidiary of SunTrust Bank, which in turn is a wholly-owned subsidiary of SunTrust Banks, Inc. That is, SunTrust Banks, Inc. owns 100% of the stock of SunTrust Mortgage, Inc.

13. At all times relevant to this Complaint, Suntrust Bank was and is a foreign corporation, formed under the laws of the State of Georgia and has its principal place of business located at 303 Peachtree Street N.E., Atlanta, Georgia, 30308.

14. SunTrust Bank is a wholly owned subsidiary of SunTrust Banks, Inc., its parent corporation. That is, SunTrust Banks, Inc. owns 100% of the stock of SunTrust Bank.

15. SunTrust Mortgage, Inc., SunTrust Bank and SunTrust Banks, Inc. are a unified business enterprise, and are referred to herein collectively as "SunTrust."

16. At all times relevant to this Complaint, SUNTRUST was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

17. At all times relevant to this Complaint, SUNTRUST regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

18. At all times relevant to this Complaint, SUNTRUST regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

19. At all times relevant to this Complaint, SUNTRUST was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

20. Defendant services the mortgage loan secured on Plaintiff's primary residence and principal dwelling, located at 98 S.W. 11 Ct., Boca Raton, Florida, 33486, and refers to the subject loan as xxxxx3107.

*FD-2514*

21. At all times relevant to this Complaint, SUNTRUST has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

22. At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FCCPA and the TCPA by virtue of being directly affected by violations of the Act.

23. At all times relevant to this Complaint, the Plaintiff, was and is a natural person as defined by 47 U.S.C. § 153(32).

24. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

25. Defendant sought to collect various debts from Plaintiff arising from alleged debts incurred by Plaintiff for personal, family, or household purposes.

26. One of the alleged debts originated from a loan secured by Mr. Mitchell's real property which is now serviced by SunTrust Mortgage, Inc.

27. Another of the alleged debts is an unpaid credit card issued by SunTrust Bank.

28. Upon information and belief, Defendant, SUNTRUST by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (561) 445-0663.

29. Upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's telephone

*FD-2514*

system attempted to connect the Plaintiff to a live telephone employee.

30. Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling.

31. These calls originated from various numbers including but not limited to 866-927-1978, 888-893-1773, and 804-291-0001, and include but are not limited to calls placed on: April 7, 2015 at or about 1:02 p.m., August 13, 2015 at or about 9:35 a.m., and December 15, 2015 at or about 3:44 p.m.

32. At least a portion of these calls were in regards to the above-referenced alleged debt.

33. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

34. Fed up with the harassing auto-dialed telephone calls to his cellular telephone, Plaintiff spoke with Lisa, an agent of Defendant on June 9, 2015, and requested that Defendant stop calling his cellular telephone.

35. Plaintiff repeated his request that the calls to his cellular telephone cease when Esnid, an agent of Defendant called him again on June 12, 2015.

36. Despite Defendant's lack of express consent to place telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice and the repeated requests for the auto-dialed calls to stop, Defendant ignored Plaintiff and continued calling, even just a couple weeks later when Jamie, an agent of Defendant called on June 27, 2015. Again Plaintiff requested that the harassing calls to his cellular telephone cease.

*FD-2514*

37. Defendant's telephone calls to Plaintiff's cellular phone did not stop, and Plaintiff continued to receive a multitude of calls.

38. Plaintiff was damaged by these illegal calls. His privacy was improperly invaded, and he was forced to spend time tending to unwanted calls.

39. Moreover, the repeated incoming auto-dialed calls diminished the battery life in Plaintiff's cellular telephone, and wasted the data storage capacity in Plaintiff's cellular telephone

40. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

41. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

### COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

42. Plaintiff repeats, realleges and incorporates paragraphs 1 through 41.

43. Florida Statutes §559.72(7) states:

> "In collecting debts, no person shall…
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Florida Statutes §559.72(7).

44. Defendant has on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the debt. Plaintiff's having to handle debt collection calls to his cellular multiple times a day has annoyed Plaintiff and caused unnecessary stress and burden upon Plaintiff and Plaintiff's family.

*FD-2514*

45. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7).

46. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

47. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

48. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, SUNTRUST BANKS, INC., for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

## COUNT II- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

49. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 41.

50. Defendant placed many non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

51. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

52. Plaintiff did not expressly consent to SUNTRUST to contact him via cellular phone, and even if Plaintiff had, the above-referenced telephone calls with Defendant's agents

*FD-2514*

were each an express revocation of any such consent. *See* Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014). Even oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

53. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

54. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

55. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

56. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

57. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling,

the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

58. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

59. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

60. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

61. Additionally, the calls invaded Plaintiff's privacy, diminished the battery life in Plaintiff's cellular telephone, and wasted the data storage capacity in Plaintiff's cellular telephone.

62. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant SUNTRUST BANKS, INC., for statutory damages of $1,500.00 for each and every violation, an

order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, STEPHEN P. MITCHELL, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Kevin L. Lewis*
KEVIN L. LEWIS, ESQ.
Florida Bar Number: 101124
E-mail:   kevin@floridaloanlawyers.com
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
E-mail:   chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave. 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone:   (954) 523-4357
Facsimile:   (954) 581-2786

*FD-2514*